931 F.2d 887
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Monroe CORNISH, Defendant-Appellant.
 No. 90-6133.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 12, 1991.
Decided April 29, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-90-326-HC)
 Jeffrey L. Starkweather, Federal Public Defender's Office, Raleigh, N.C., for appellant.
 Eileen G. Coffey, Office of the United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Monroe Cornish appeals the determination by the district court that Cornish should be committed to the custody of the Attorney General for custody, care, and treatment pursuant to 18 U.S.C. Sec. 4246. Because the district court's decision was not clearly erroneous, we affirm.
 
 
 2
 Cornish, who has been diagnosed since 1969 as a paranoid schizophrenic, was arrested when he attempted a citizen's arrest, at gunpoint, of the Maryland Public Defender. Cornish was sent to FCI Butner for evaluation on competency to stand trial. He was determined to be incompetent. Subsequently, a hearing was held in federal district court to determine, pursuant to 18 U.S.C. Sec. 4246, whether Cornish suffered from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.
 
 
 3
 At the hearing, Dr. Sally Johnson testified that Cornish suffered from chronic paranoid schizophrenia characterized by varying degrees of paranoid thinking, hostility, a strong belief in a fairly elaborate delusional system, very poor self-care and hygiene, and an inability to function at the level that would be expected of an individual of his education and intellectual ability. The predominant manifestation of the illness is Cornish's delusional thinking, which has at its core the conviction that there is a conspiracy, headed by the Public Defender, to harm Cornish.
 
 
 4
 Johnson opined that Cornish is presently suffering from a mental condition that would put him especially at risk of causing bodily injury to others. This opinion was based, among other things, on the delusional system, which Cornish is unable to relinquish, and on Cornish's history of confronting and threatening people.
 
 
 5
 Dr. Billy Royal also testified about the results of his examination of Cornish. He concurred that Cornish suffered from paranoid schizophrenia, which was somewhat improved as a result both of medication Cornish is taking and the relatively stress-free environment at Butner. Royal said that if Cornish continued to take his medication, he would not be a risk to people or property if he were released. He was unable to say that Cornish would not be such a risk if he ceased taking his medication. Royal testified that paranoid schizophrenics such as Cornish often refuse to take their medication. Johnson also had stated that her examination of Cornish's medical records strongly suggested that he had refused to take medication in the past.
 
 
 6
 Based on the above evidence, we hold that the district court's finding that Cornish was shown to have a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another was not clearly erroneous. As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 7
 AFFIRMED.